UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR07-40014 |
| Plaintiff, | |
| v. | **UNITED STATES' MEMORANDUM RE: STANDARD OF PROOF** |
| DAVID BOSCHEE, | |
| Defendant. | |

COMES NOW United States Attorney Marty J. Jackley and respectfully files its Memorandum Re: the Standard of Proof.

In his Sentencing Memorandum of August 4, 2008, Defendant Boschee requested this Court to require the United States to prove factual prerequisites to sentencing enhancements by the heightened clear and convincing standard. At the close of evidence on August 12, 2008, the Court advised the parties of its intent to require the heightened clear and convincing standard.

The United States respectfully requests that the preponderance of evidence standard be utilized as a matter of law. In the alternative, the increased sentence due to enhancements is not of a magnitude so extreme as to require the heightened clear and convincing evidence standard in the present case. To the extent the Court applies the clear and convincing standard, it is the United States' position that the items set forth in its Sentencing Memorandum of May 30, 2008, coupled with the evidence

presented at the sentencing hearing, satisfies both the preponderance and the clear and convincing standards.

The United States recognizes that the United States Supreme Court and the Eighth Circuit Court of Appeals have indicated that due process <u>might</u> require proof beyond a mere preponderance of the evidence if an extreme increase in the applicable sentencing range results from the consideration of relevant conduct.  <u>See</u> <u>United States v. Tyndall</u>, 521 F.3d 877, 884 (8th Cir. 2008); <u>United States v. Watts</u>, 519 U.S. 148, 156, 117 S.Ct. 633 (1997).  However, on repeated occasions the Eighth Circuit Court of Appeals has declined to accept defendants' invitations to required the heightened standard.  <u>See</u> <u>Tyndall</u>, 521 F.3d at 884; <u>United States v. Bradford</u>, 499 F.3d 910, 920 (8th Cir. 2007);  <u>United States v. Okai</u>, 454 F.3d 848, 851 (8th Cir. 2006); <u>United States v. Anderson</u>, 243 F.3d 478, 485-86 (8th Cir. 2001); <u>United States v. Alvarez</u>, 168 F.3d 1084, 1088 (8th Cir. 1999); <u>United States v. Geralds</u>, 158 F.3d 979 (8th Cir. 1998); <u>United States v. Townley</u>, 929 F.2d 365, 369 (8th Cir. 1991).

As a further consideration, Defendant Boschee's relevant conduct evidence is not in the nature of acquitted conduct.  <u>See</u> <u>generally</u>, <u>Tyndall</u>, 521 F.3d at 885.  Nor does Defendant Boschee's case involve informant statements or a concern about the reliability of hearsay statements in the sentencing context.  <u>See</u> <u>generally</u>, <u>Townley</u>, 929 F.2d at 372.  In the present case, the victim specifically took the stand to testify about the relevant conduct in question.  Defendant Boschee also provided testimony, along with his written statement contained in the United States' Sentencing Exhibit 34.

Defendant Boschee's case does not present an exceptional test case where "a sentence enhancement factor becomes 'a tail which wags the dog of the substantive

offense.'"  Defendant Boschee was indicted for using the Internet to entice a child to engage in unlawful sexual activity in violation of 18 U.S.C. § 2422(b).  He was advised of the mandatory minimum penalty of ten years and maximum penalty of life.  The gravemen of Defendant's objections to the Presentence Report pertains to a ten-level increase: the six-level increase associated with the cross-reference at U.S.S.G. § 2G1.3(c)(3); and a four-level enhancement pursuant to U.S.S.G. § 2A3.1(b).  The burden is on the Defendant to establish entitlement to a downward adjustment for acceptance of responsibility.  See Peters v. United States, 464 F.3d 811, 812 (8th Cir. 2006).  The five-level enhancement pursuant to U.S.S.G. § 4B1.5(b)(1) is uncontroverted by both the victim's and the Defendant's direct testimony.  See also United States' Sentence Exhibit 34 (Defendant's written statement to the Court).

    Accordingly, it is respectfully the United States' position that the Court should apply the preponderance of evidence standard.  It is further the United States' position that it has satisfied the heightened clear and convincing standard to support the enhancements set forth in the presentence report and in the United States' Sentencing Memorandum.

    Date:  August 21, 2008

*Marty J. Jackley*

MARTY J. JACKLEY
UNITED STATES ATTORNEY
PO Box 2638
Sioux Falls, SD 57101-2638
605.357.2310
Fax: 605.330.4405

## CERTIFICATE OF SERVICE

    The undersigned hereby certifies on this 21st day of August 2008, a true and correct copy of the foregoing was served upon the following person(s), by placing the same in the service indicated, addressed as follows:

| | |
|---|---|
| John Schlimgen<br>Attorney at Law |     US Mail, postage prepaid<br>    Hand Delivery<br>    Facsimile at<br>    Federal Express<br>x   E-Filing |

_____
Marty J. Jackley
United States Attorney