UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

JUDGE -   Lawrence L. Piersol          REPORTER - Jerry May/FTR #1
CASE NO. - CR07-40014                  Date - 8/21/08
                                       PAGE NO. - 1

<u>CASE</u>                                 <u>COUNSEL</u>

USA,                                   Marty Jackley

    Plaintiff,

vs.

DAVID BOSCHEE,                         John Schlimgen

    Defendant.

---

COURTROOM DEPUTY: Jackie Meisenheimer

TIME HEARING SCHEDULED TO BEGIN: 1:30 p .m.

<u>TIME:</u>

1:45 pm   Enter continuation of sentencing before the Hon. Lawrence L. Piersol, District Judge, Sioux Falls. Counsel state their appearances for the court. Defendant is also present in court.

Government has no objections to the PSR. After the last hearing, Government requested to add something to the guidelines.

Defendant has filed 46 objections to the PSR. Court will incorporate in the ruling on each objection the response made by the pretrial writer to that objection in the addendum to the PSR, unless the Court states otherwise.

#1 is granted in part to the extent the PSR was amended;
#2, the Court agrees defendant does not have or used an alias;
#3 granted, report changed;
#4 granted, report not changed;
#5 is denied;
#6 Court thinks it was a serious inquiry then however she wrote was an

element of joking;
#7 paragraph 13 was amended in part as a response and the objection is overruled except to the extent the PSR was amended;
#8 - Mr. Schlimgen makes statement, Mr. Jackley responds, Court states the record would indicate sex was brought up in the 6/6/ e-mail first. Other than that, paragraph 14 remains as written.
#9 - Court states wine was brought and very small amount was consumed by the victim and was not an enhancement.
Objections #1 - #8 have no guideline implications.
#10 - has no guideline implication; Mr. Schlimgen makes statement and states this is statutory rape, not forcible rape.

Mr. Schlimgen makes statement to the Court concerning statutory rape vs. forcible rape. Mr. Jackley responds and makes statement to the Court. Further discussion between Court and counsel regarding this issue.

Court states it is applying a clear and convincing evidence test in this case.

Court stresses there is no blame on the victim, but on the other hand that is not saying the victim was always accurate in her testimony. With regard to the ultimate issue of consent or not, she is 15 and cannot consent to sexual relations with this man, but on the other hand in the Court's opinion, what they did was voluntary to the extent it could be. Court states she got way in over her head and the Court views defendant has having been a predator as he knew she was 15 and groomed her, but nonetheless, what ultimately happened was him being a predator and her being too adventuresome, and this voluntarily occurred.

The four points will not be counted under the specific offense characteristic. Paragraph 33, the two points with regard to the age level, those points will be counted. With regard to paragraph 34, that's another two points to be counted. Mr. Schlimgen makes statement with regard to paragraph 34. He states he understands paragraph 32 will not be allowed. 31 relates to the initial starting point. Mr. Jackley responds. Base offense under the 2006 guidelines is 24 under paragraph 31; another two points applies so paragraph 38 is 28. Cross reference does not apply due to 2242 (a) or (b) and the application notes.

Mr. Jackley does not agree to the third point for acceptance of responsibility. Mr. Schlimgen makes statement with regard to acceptance of responsibility. Mr. Jackley responds and makes

| | |
|---|---|
| CASE NO. -   CR07-40014 | Date - 8/21/08 |
| | PAGE NO. - 3 |

statement regarding Dr. Prybl's report.  Court will take that into account under 3553.  Court views defendant did some minimization of the conduct and it is an unusual defendant that doesn't to some extent but not to the extent he would lose acceptance of responsibility.  Court states defendant is entitled to the two points but not the third point for acceptance.

Next issue is the Chapter 4 enhancement.  Mr. Schlimgen makes argument.  Mr. Jackley makes argument.  Court finds the Chapter 4 enhancement which is five points applies.

Total offense level of 31; criminal history category of I, sentencing range of 108 - 135 months

Court now must decide of an adjustment under 3553, Booker variance should be made.

Mr. Schlimgen state there are still two separate objections outstanding that would impact the sentencing guideline range.  Mr. Schlimgen makes record with regard to clear and convincing.  Court overrules.

| | |
|---|---|
| 4:10 pm | Court in recess for 15 mins. |
| 4:35 pm | Court resumes. |

Mr. Schlimgen states there are no further objections that have not been ruled on.

Court will not make any 5K2.8 adjustment.  Government requested obstruction of justice enhancement and that is denied.

#11 - is a contectual objection and there won't be any change in the PSR with regard to that.
#12 - oral sex was being given to the defendant and that is how the Court will look at that
#13 - denied
#14 - overruled
#15 - overruled
#16 - noted but PSR is not changed
#17 - already ruled on
#18 - Court has already ruled on
#19 - Court has already ruled on
#20 - Court ruled on this in defendant's favor in paragraph 32
#21 - Court ruled against defendant on this and the two points were

CASE NO. -   CR07-40014				Date - 8/21/08
						PAGE NO. - 4

applied
#22 - Court ruled against defendant and the two points were added
#23 - Paragraph 38 was changed to show an adjusted offense level of 28
Paragraph 40 - defendant's objection to that is overruled
#25 - total offense level has been recalculated and is 31 - granted in part
#26 - overruled
#27 - paragraph was amended in PSR because of objection
#28 - Same true of paragraph 50
#29 - noted but PSR will remain as written
#30 - paragraph 55 was amended to reflect the objection
#31 - paragraph 56 was amended to reflect the objection
#32 - noted and report was amended to reflect defendant's position
#33 - paragraph 59 was amended in view of defendant's objection
#34 - paragraph 60 remains as written and comment is noted
#35 - noted but report not changed
#36 - paragraph 62 was amended
#37 - paragraph 66 was amended
#38 - paragraph 67 was amended
#39 - paragraph 69 was amended
#40 - paragraph 70 was amended
#41 - paragraph 71 was amended
#42 - paragraph 72 will remain as written
#43 - paragraph 73 was amended
#44 - paragraph 78 has been changed because Court has adopted a different offense level
#45 - paragraph 92 deals w/issue raised by government and Court will not make a guideline adjustment on that but offense conduct will be considered on whether or not there should be a variance under 3553
#46 - requests downward departure - Court denies

Defendant makes statement to the Court re: sentencing.

Mr. Jackley makes statement to the Court re: sentencing and requests a variance upward to between 30 years and life.

Mr. Schlimgen makes statement to the Court re: sentencing.

Court states he has received a letter from defendant's sister and that will become part of the probation file.

Court notes there was no evidence put into the record with regard to restitution.  Parties agree the court can consider restitution.

Court inquires as to if the operative age was 16. Mr. Jackley states the operative age is 18 with regard to the federal statute but the SD statute operative age is 16. Court notes state statute was used so the operative age is 16. Mr. Schlimgen does not disagree.

Court believes the guideline range of 108 - 135 months is not adequate. Court is satisfied from Dr. Prybl's extensive report that the likelihood of re-offending is at most moderate. To properly reflect the seriousness of the offense, a sentence of 144 months is appropriate.

Sentence: 144 months in prison; fine is waived; refrain from unlawful use of controlled substance; submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter as directed by probation officer; cooperate in collection of DNA; supervised release for 5 years; within 72 hours of release from the custody of BOP report in person to the probation office in district to which defendant is released; not commit another federal, state, or local crime; shall not illegally possess a controlled substance nor possess a firearm, destructive device, or other dangerous weapon; comply with standard conditions; comply with special conditions:

1. The defendant shall reside and participate in a residential re-entry center as directed by the probation office. The defendant shall be classified as a pre-release case.

2. The defendant shall participate in and complete a cognitive behavioral training program as directed by the probation office.

3. The defendant shall register in person as a sex offender with local/county law enforcement in the county in which he resides, is employed, and is a student within three business days of the defendant's arrival in that jurisdiction and upon any changes in the aforementioned status within that jurisdiction.

4. The defendant shall not enter onto the premises, travel past, or loiter near where the victim resides and shall have no correspondence, telephone contact, or communication with the victim through a third party, or direct contact either.

5. The defendant shall participate in sex offender treatment and submit to polygraph examinations as directed by the probation office.

6. The defendant shall not initiate, establish, or maintain contact with

any male or female child under the age of 18 nor attempt to do so except under circumstances approved in advance and in writing by the probation office.

7.  The defendant shall not reside with any child under the age of 18 in any manner unless approved in advance and in writing by the probation office.

8.  The defendant shall not go to or loiter near school yards, parks, playgrounds, arcades, or other places primarily used by children under the age of 18.

9.  The defendant shall undergo inpatient/outpatient psychiatric or psychological treatment, as directed by the probation office.

10.  The defendant shall comply with mental health treatment and take any prescription medication as deemed necessary by his treatment provider.

11.  The defendant shall consent to the probation office conducting periodic unannounced examinations of computer(s) equipment, which may include retrieval and copying of all memory from hardware/software to ensure compliance with this condition and/or removal of such equipment for the purposes of conducting a more thorough inspection; and consent, at the direction of the probation office, to having installed on his computer(s) at his expense, any hardware or software systems to monitor computer use or prevent access to particular materials.

12.  The defendant shall provide the probation office accurate information about his entire computer system and software, all passwords, and user identifiers.

13.  The defendant shall not possess or use any computer with access to any on-line computer service without the prior approval of the probation office.  This includes any Internet service provider, bulletin board system, or any other public or private computer network.  The defendant shall not have access to a modem and/or any network card during his term of supervision without the prior approval of the probation office.

14.  The defendant shall participate in the probation office's Computer/Internet Use and Monitoring Program and comply with the provisions of the participation agreement used in the District of South Dakota.  Participation in this program is in lieu of having all access to a

| CASE NO. -  CR07-40014 | Date - 8/21/08 |
|---|---|
| | PAGE NO. - 7 |

                computer denied.

                15.  The defendant shall submit his person, any property, house, residence, vehicle, papers, computer, other electronic communication data storage devices or media, and effects to search at any time, with or without a warrant, by any law enforcement or probation officers with reasonable suspicion concerning a violation of a condition of supervision of supervised release or unlawful conduct by the person and by any probation officer in the lawful discharge of the officer's supervision functions.

                Restitution in the amount of $800 - $25 per month or 25% of the inmate trust account whichever amount is larger

                $100 special assessment

                Court advises both counsel of their right to appeal.

                Mr. Jackley moves to dismiss Count 1 of the Indictment

6:00 pm       Court in recess.