UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION



* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | CR 07-40014 |
| | * | |
| Plaintiff, | * | |
| | * | ORDER REGARDING |
| -vs- | * | MOTION TO RETURN |
| | * | SEIZED PROPERTY |
| | * | |
| DAVID BOSCHEE, | * | |
| | * | |
| Defendant. | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

Pursuant to Federal Rule of Criminal Procedure 41(g), the Defendant, David Boschee, has moved for the return of seized property. Docket 124. In his motion, Defendant Boschee requests return of the property identified in the forfeiture allegation in the indictment. The property in the forfeiture allegation of the indictment is:

1. Apple Computer monitor I-MAC model, serial # YD4424WSPP7;
2. Western Digital external hard-drive, serial # WCANK2361165.

Docket 14. Defendant asserts that the external hard drive was purchased after the offense was committed.

Defendant entered a plea of guilty to count 2 of the indictment, but there is no written plea agreement in this case. The Factual Basis Statement signed by Defendant does not mention forfeiture. Docket 79. In his motion, Defendant points out that he did not consent to the forfeiture of the property items listed in the indictment prior to sentencing. Neither party in this case requested a determination of forfeiture during the sentencing, and the government did not produce evidence during the sentencing linking the specific items of property to Defendant Boschee's crime of conviction.

Federal Rule of Criminal Procedure 32.2 and 21 U.S.C. § 853, as incorporated by 18 U.S.C. § 2253(a), dictate the procedures applicable to a criminal forfeiture proceeding. Rule 32.2(b)(1) provides for entry of a preliminary order of forfeiture upon the entry of a guilty verdict or a plea of guilty if the court determines by a preponderance of the evidence that there is a nexus between the identified property and the offense. *See Libretti v. United States*, 516 U.S. 29, 38–40 (1995). The government bears the burden of proving nexus by a preponderance of the evidence. *United States v. Bieri*, 21 F.3d 819, 822 (8th Cir. 1994) (holding that a preponderance of the evidence standard applies to criminal forfeiture proceedings under 21 U.S.C. § 853); *cf. United States v. Myers*, 21 F.3d 826, 829 (8th Cir. 1994) (holding that government has burden of proving forfeiture under 18 U.S.C. § 982(a)(1) by preponderance). In the present case, the government did not make a showing of nexus in this case, and thus the Court did not enter either a preliminary or a final order of forfeiture.

Citing *United States v. Felici*, 208 F.3d 667 (8th Cir. 2000), the government argues that the property is considered "derivative contraband" and should not be returned to Defendant Boschee because it was used by him to commit the offense of conviction. The government failed to address the requirement that the court "receive evidence on any factual issue necessary to decide the motion." Fed.R.Crim.P. 41(g); *see Felici*, 208 F.3d at 671. The government does not contend that it has ever offered evidence in support of the nexus between the property and Defendant's offense. The government has offered no legal authority that would allow the court to make a determination of nexus without a hearing. Based on the government's failure to prove, by a preponderance of the evidence, a nexus between the offense of conviction and the property listed in the indictment, the court must grant Defendant's motion to return seized property unless the government intends to request a hearing in order to make the required showing. Accordingly,

> IT IS ORDERED that, on or before Monday, September 16, 2013, the government shall file a response to this Order stating whether it will return the seized property or request a hearing on Defendant's motion to return the property. If a hearing is requested, the Government will have to transport Mr. Boschee from his present place of incarceration in Arkansas to this Courthouse in Sioux Falls, South Dakota.

Dated this 6th day of September, 2013

BY THE COURT:

/s/ Lawrence L. Piersol
Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: _____
(SEAL)        DEPUTY